RUBEWA PRODUCTS CO., Inc., a corporation, Appellant,

v.

WATSON'S QUALITY TURKEY PRODUCTS, INC., a corporation, Appellee.

No. 6059.

District of Columbia Court of Appeals.

Argued April 17, 1972.

Decided Aug. 15, 1972.

Malcolm W. Houston, Washington, D. C., for appellant.

Maxwell A. Howell, Washington, D. C., for appellee.

Before KELLY and YEAGLEY, Associate Judges, and HOOD, Chief Judge, Retired.

PER CURIAM:

A prior appeal to this court concerning the instant dispute resulted in a remand for a new trial on the issue of damages only.[1] Appellant Rubewa Products Co.,

Inc., which had prevailed on liability, was to prove on retrial the damages it suffered because of the mismarking by Watson's Quality Turkey Products, Inc., of certain cartons of turkey hindquarters delivered to Rubewa for sale in Germany and of the delivering of some hindquarters which were seasoned at least to the extent of being salted, both in breach of the contract between the parties. Rancidity found to be present in some of the hindquarters after their arrival in Germany was not to be chargeable to Watson's. The factual background of the dispute which appears in our prior opinion is not repeated here.

■ There was without doubt a loss in value of the poultry hindquarters between the time of their purchase by Rubewa from Watson's and the time of their ultimate sale in Germany. Nevertheless, after retrial, the court concluded not only that Rubewa had presented "no evidence as to the number of cartons that were mismarked or the number of turkeys that were seasoned", but also, with knowledge that Watson's was not to be held responsible for the damage caused by rancidity, it presented "no evidence to determine with any exactness the extent that the decrease in value because of rancidity bears to the total decrease in value." The complaint was accordingly dismissed for Rubewa's failure to carry its burden of proof on damages.

■ Rubewa alleges that the trial court erred in denying its motion to amend the complaint to include a claim for loss of profits. Leave to so amend the complaint had been denied at the first trial of this action and that ruling was sustained on appeal.[2] Similarly, here, irrespective of whether or not Rubewa was thereby foreclosed from again raising the issue on a retrial on damages, we find upon the entire record no abuse of discretion in the court's refusal to grant the request to amend.

1. Rubewa Prod. Co. v. Watson's Quality Turkey Prod., D.C.App., 242 A.2d 609 (1968).

2. 242 A.2d at 612.

■ Rubewa also challenges the court's ruling that it failed to carry its burden of proof, urging the application of the rule that a random sampling of the cartons sufficed as proof of damage to the whole.[3] Assuming the pertinence of such a theory to this case, the fact is that the initial trial judge found from the evidence that not all of the cartons were mismarked, nor all of the hindquarters salted or rancid.[4] Under these circumstances, the random-sampling rule is inapplicable[5] and more specific proof of damages is required.

We have carefully reviewed all of Rubewa's claims of error in light of the combined record on appeal and find no error justifying reversal. Accordingly, the order of the trial court is

Affirmed.

3. United States v. 5 Cases, Etc., 179 F. 2d 519 (2d Cir. 1950) ; E. K. Hardison Seed Co. v. Jones, 149 F.2d 252 (6th Cir. 1945) ; Galt v. United States, 39 App. D.C. 470 (1913).

4. 242 A.2d 612.

5. *Cf.* Galt v. United States, *supra* note 3.